```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

:_____:

THE UNITED STATES OF AMERICA,      :
           Plaintiff,              :
                                   :
           vs.                     :   Case No: 16-CR-783 GAG
                                   :
[1] FELIX ABREU-ECHEVARRÍA,        :
           Defendant.              :
:_____:

```
                 TRANSCRIPT OF SENTENCING HEARING
       HELD BEFORE THE HONORABLE JUDGE GUSTAVO A. GELPÍ
   JOSÉ V. TOLEDO U.S. COURTHOUSE, OLD SAN JUAN, PUERTO RICO
        TUESDAY, AUGUST 15, 2017, BEGINNING AT 9:49 A.M.
```
:_____:

A P P E A R A N C E S:

For the United States of America:

    Assistant U.S. Attorney Elba I. Gorbea-Padró

For the Defendant:

    Attorney Julie A. Soderlund

ALSO PRESENT:

    Sonia C. Cardona, Courtroom Deputy Clerk

    Marie Hernández, Court Interpreter

1  THE COURTROOM DEPUTY: Criminal case
2  No. 16-783. United States of America versus Felix
3  Abreu-Echevarría. Set for sentencing hearing.
4  Present AUSA Elba Gorbea on behalf of the government;
5  Defense Attorney Julie Soderlund on behalf of the
6  defendant. The defendant is present in court --
7  THE COURT: He will be brought in by the
8  marshals. The courtroom is open, accessible to the
9  public, and he will be provided the services of a
10  certified court interpreter.
11  MS. GORBEA-PADRÓ: The government's ready to
12  proceed, Your Honor.
13  MS. SODERLUND: Good morning. The defense
14  is also ready to proceed.
15  (Defendant enters the room.)
16  THE COURT: Good morning. Okay, let me
17  begin by asking Ms. Gorbea, have you reviewed the
18  presentence investigation report and, if so, any
19  objections?
20  MS. GORBEA-PADRÓ: Yes, Your Honor. The
21  government reviewed the presentence report and it has
22  no objection.
23  THE COURT: Okay, and the what is the
24  government's sentencing recommendation in this case?
25  MS. GORBEA-PADRÓ: Your Honor, the

1  sentencing recommendation as to this defendant is
2  that the defendant be sentenced to the higher end
3  which would be, according to his total offense level
4  of 14 and a Criminal History Category of II, would be
5  24 months. And the reason for that being --
6      THE COURT: I believe the criminal history
7  would be 13.
8      MS. GORBEA-PADRÓ: According -- well --
9      THE COURT: 16 minus 3 for acceptance.
10     MS. GORBEA-PADRÓ: Oh, okay. The
11 presentence report --
12     THE COURT: 18 to 24 months is the range but
13 it's Level 13 if I'm not mistaken.
14     MS. GORBEA-PADRÓ: Okay. Anyway, Your
15 Honor, the government will be recommending the higher
16 end basically due to his criminal history.
17     This defendant in 2011 he was charged with
18 violation of the Puerto Rico Penal Code for
19 aggravated illegal appropriations, and for weapons
20 for carrying and use of a firearm without license.
21 In that case, the defendant, along with others,
22 possessed two revolvers and, as alleged, they
23 assaulted an individual, stole cellular phones from
24 this individual and another person inside of a
25 dwelling. For that offense he was sentenced to a

1  total of two years' imprisonment and ordered removed.

2  Then, in 2004 the defendant was charged with
3  domestic violence, carrying and use of firearms
4  without a license, aimed or discharged a firearm;
5  and, according to the official court documents, on
6  January 30, 2011, at the Borinquen Avenue in Barrio
7  Obrero, the defendant allegedly possessed a Glock
8  firearm with 11 rounds and the firearm was used to
9  aim and shoot to the air.

10  These are very serious offenses, Your Honor.
11  He was deported and then he came back into the United
12  States.  So, this defendant has proved that he has no
13  respect for the law; therefore, Your Honor, the
14  government moves that the defendant be sentenced to
15  the higher end of the applicable guideline range.

16  THE COURT:  Okay, Ms. Soderlund, on behalf
17  of your client, have you and he reviewed the
18  presentence report; any objections?

19  MS. SODERLUND:  Yes, we did review the
20  presentence report and we translated it and discussed
21  it yesterday with the defendant and in our sentencing
22  memo.  We do present various objections.  And we do
23  request the application of Note 5 of the guideline
24  that is used to enhance the criminal history category
25  of this client that is mentioned in page 8, so that

1 the Court may consider --

2 THE COURT: I believe your argument is that

3 the probation term had not been revoked; am I

4 correct?

5 MS. SODERLUND: Revoked? Probation term?

6 We're in Felix Abreu. I know I have two cases --

7 THE COURT: I know you have two cases.

8 MS. SODERLUND: And one of them involves a

9 case that is still active so to speak. But Mr. Abreu

10 has no pending --

11 THE COURT: Okay, you can cite the

12 application note again.

13 MS. SODERLUND: Oh, okay. It is in our

14 sentencing memo. It is discussed in page 5, and the

15 application -- the note it would be Note 5,

16 2L1.2(b)(3)(B), Note 5. I discussed it in pages 4

17 and 5 of my sentencing memo. If you have any

18 questions for me.

19 THE COURT: Repeat the guideline.

20 MS. SODERLUND: It is 2L1.2(b)(3)(B).

21 Note 5.

22 THE COURT: That's the departure based on

23 seriousness of prior offense?

24 MS. SODERLUND: That is correct, Your Honor,

25 because the government basically addressed

1  paragraph 34 and 35, they are in page 7 and 8 of the
2  presentence report.  And the aggravated illegal
3  appropriation was reclassified as a fourth-degree
4  felony and the weapons charges were reclassified to
5  misdemeanors.
6          THE COURT:  But he was sentenced to two
7  years' imprisonment.
8          MS. SODERLUND:  Yes, for which he only
9  served 11 months and -- in paragraph 15 of my
10 sentencing memo, 11 months and 30 days including
11 today.
12         THE COURT:  But why the argument that --
13         MS. SODERLUND:  I mean, when he was
14 excarcerated [ph], because back in the state -- at
15 the state level when he completed his sentence before
16 he was ordered removed in 2013 he actually served
17 less than one year because of the reclassification.
18 The paragraph addresses the fact that he was
19 released, it doesn't explain that he was released for
20 a good conduct or whatever, he just was
21 excarcerated [ph].  That's the information we have.
22 And, again, he served under a year.  And the
23 Note 5 --
24         THE COURT:  But the sentence was for over a
25 year.

Sentencing Hearing - [1] Felix Abreu-Echevarría

1  MS. SODERLUND: Yes. But, again, the
2  application note allows the Court to do a departure,
3  downward departure, considering the fact that he did
4  not serve the two years he was imposed and, again,
5  the fact that the violations were reclassified to
6  misdemeanors.
7  Again, we don't have much of the history in
8  the documents. We do have the translated documents,
9  but they don't say much of what happened in the
10 sentencing colloquy. I may say that wrong. And,
11 again, I am addressing the fact that they were
12 reclassified as misdemeanors and instead of an
13 aggravated illegal appropriation it was a
14 fourth-degree felony, and he served 11 months and ten
15 days.
16 MS. GORBEA-PADRÓ: Your Honor, regardless of
17 any reclassification the Court should take into
18 consideration the actions of this defendant. This
19 defendant was using illegal firearms. This defendant
20 stole from people inside a dwelling. He possessed
21 revolvers. He committed domestic violence. He
22 carried and used firearms without a license.
23 Regardless of any reclassification that the Court may
24 have imposed on those events, the actions that this
25 defendant committed were very serious. Plus, he was

EVILYS E. CARRIÓN-ESQUILÍN, RPR
OFFICIAL COURT REPORTER FOR THE U.S. DISTRICT COURT OF PUERTO RICO
(787)772-3377

Sentencing Hearing - [1] Felix Abreu-Echevarría

1　illegally in the United States.

2　　　　MS. SODERLUND:  Actually he had a resident
3　status before he was deported, Your Honor, for a
4　while.

5　　　　THE COURT:  Okay, but let me say this, I
6　note the arguments, Ms. Soderlund.  I'm not going to
7　depart downwards or vary downwards from that level;
8　the sentence was over a year.  And, again, it may
9　have been reclassified.  He may have gotten good-time
10　credits or had been released earlier
11　administratively, but the fact is that the offense is
12　what it is and he was sentenced to what he bargained
13　for.

14　　　　Anything else?

15　　　　MS. SODERLUND:  From us?

16　　　　THE COURT:  Yes.

17　　　　MS. SODERLUND:  Yes, Your Honor.  I would
18　like to state for the record that present here in the
19　hearing room are the wife and the two children.

20　　　　Can you please get up.

21　　　　Rosalinda Hernández; Felix Abreu, Jr.; and
22　Kenny Abreu.  And one of the reasons that we are
23　requesting the Note 5 to be applied is because the
24　change in circumstances of this family are really sad
25　and terrible.  And, above all, the other arguments

1  that we have already presented in writing to the
2  Court and stated here is the argument that the
3  smaller child, Kenneth, is really affected and has
4  been going through severe psychological trauma.  And
5  part of the request involves a plea for a humane
6  release, I guess, so that this man can go home to the
7  Dominican Republic and this child can be reunited
8  with his father because he is really in a dangerous
9  psychological condition.
10         We understand that the actions of the
11 defendant were his actions, he has accepted
12 responsibility, he pled without a plea agreement; but
13 I would like to plead to the Court that it consider
14 the extenuating circumstances of the family.
15         But for what is going on in his son's and
16 wife's lives did he try to come back to the United
17 States.  There is no other illegal -- I mean,
18 criminal conduct in this case except a re-entry.  And
19 it was, again, within the context of his life,
20 present life, and the life that his family is
21 subjected to and the changes and terrible conditions
22 in Puerto Rico.
23         We beg the Court to consider, again, that,
24 as a father, he is at this moment very much needed to
25 be with his sons.  And that is what we would like the

1 Court to consider.

2 MS. GORBEA-PADRÓ: Your Honor, the defendant
3 should have thought about that before incurring into
4 criminal acts. He came into the United States not to
5 work but to commit criminal acts.

6 THE COURT: Let me ask, Mr. Abreu, have you
7 in fact reviewed the presentence report with counsel?

8 THE DEFENDANT: Yes, Your Honor.

9 THE COURT: Any objections?

10 MS. SODERLUND: I'm sorry, I was distracted.

11 THE COURT: No, any objections other than
12 those counsel presented, Mr. Abreu, to the report?

13 THE DEFENDANT: No, Your Honor. I agree
14 with counsel as to what she has stated. And I don't
15 have any --

16 THE COURT: Are you fully satisfied with the
17 advice, counsel, and legal representation given to
18 you by counsel?

19 THE DEFENDANT: Yes, Your Honor.

20 THE COURT: Okay. Now, at this time you
21 have an opportunity to address the Court. Is there
22 anything you wish to state?

23 THE DEFENDANT: First of all, good morning.
24 I address Your Honor and all those present here.
25 Before in my life I helped to save lives in the

1   streets together with the paramedics and the police.
2   I have done work in welding in different companies.
3   I worked on my own, working with iron drill work.  I
4   also helped in the construction of two churches
5   without earning any money at all for my work.
6           I am very sorry that I came the way I did to
7   Puerto Rico, but it was because of my children,
8   because they needed me.  I love my family and I miss
9   them.  Thank you.
10          THE COURT:  This is the Court's sentence:
11  On April 17, 2017, you pled guilty to Count 1 of the
12  indictment in this case charging a violation to 8,
13  U.S. Code, Section 1326(b)(1); that is, re-entry of a
14  removed alien.  And this constitutes a Class C
15  felony.
16          At the outset I've looked at the November 1,
17  2016 edition of the advisory Guidelines Manual to
18  calculate the corresponding guidelines as per
19  Guideline Section 1B1.11(a).
20          The advisory guideline here is 2L1.2.
21  Because you unlawfully entered or remained in the
22  United States there is a base offense level of 8.
23  Because you were convicted previously of a felony
24  offense other than illegal re-entry offense for which
25  a sentence imposed was two years or more -- and I had

1  mentioned previously one year or more, it was a
2  two-year sentence even though he may have served less
3  than that -- an eight-level increase is warranted.
4  And for acceptance of responsibility minus three
5  levels as per Guideline Section 3E1.1(a) and (b).
6  There are no other applicable guideline adjustments.
7        Based on a total offense level of 14 with
8  Criminal History Category of Roman Numeral II, the
9  advisory guideline range is 18 to 24 months; fine
10 range, 7500 to $75,000; and a supervised release term
11 of at least one [1] to three [3] years.
12       Now, I have reviewed the advisory guidelines
13 and find that the presentence report adequately
14 calculates the same so I'm adopting them.  In
15 addition, I'm considering all the sentencing factors
16 set forth in 18, U.S. Code, Section 3553(a) as
17 required by law.
18       Now, I have to note that in fact you were
19 sentenced for armed robbery and other offenses that
20 were reclassified in 2013 -- well, actually I think
21 it was earlier than that, but you were sentenced to
22 two years.  And in 2013 you were removed from the
23 United States.  On December 15, 2016 you attempted to
24 re-enter the United States.
25       Now, I do consider the fact that you have a

1  spouse and you have children here, but the fact
2  remains that you have a felony conviction, you were
3  removed, you are aware that you cannot re-enter, and
4  the law specifically punishes criminal felons, again,
5  more severely than those who simply continue to
6  re-enter without more -- so, I cannot ignore your
7  criminal history.
8        Again, you may have issues that -- I don't
9  know if your family wants to relocate to the
10 Dominican Republic, but your children, they're U.S.
11 citizens and they're free to travel back and forth,
12 but there's a prohibition against you entering and
13 particularly because of your criminal history.
14       So, taking into account all the factors and
15 the issues of deterrence and punishment, as well as
16 the need to promote respect for the law and protect
17 the public from further crimes, as well as taking all
18 rehabilitative matters into consideration, I'm going
19 to sentence you and I'm committing you to the custody
20 of the Bureau of Prisons to be imprisoned for
21 18 months.  And that is the lower end of the advisory
22 guideline.  Upon release from confinement you're
23 placed on supervised release for three [3] years
24 under the following terms and conditions:
25       Number one, do not commit another federal,

1 state, or local crime and observe standard conditions
2 of supervised release.
3     Two, do not unlawfully possess controlled
4 substances, firearms, destructive devices, and
5 dangerous weapons.
6     Three, you shall cooperate in the collection
7 of a DNA sample as per 18 U.S. Code,
8 Section 3563(a)(9).
9     And, finally, when removed from the United
10 States you must remain outside of the United States
11 and all places subject to its jurisdiction unless you
12 have prior written authorization to re-enter the
13 United States and notify the probation officer.
14     No fine is imposed. A special monetary
15 assessment of $100 is imposed as required by law.
16     You have 14 days as of the entry of
17 judgement to file a notice of appeal. I'm ordering
18 Ms. Soderlund to remain as counsel should you wish to
19 appeal.
20     The judgment in this case shall be forwarded
21 to the Sentencing Commission, the Bureau of Prisons,
22 and Probation Office within 30 days. And if you
23 decide not to appeal, please file a motion signed by
24 you and Counsel, or if you appeal then you file the
25 notice of appeal.

Sentencing Hearing - [1] Felix Abreu-Echevarría

1        Anything else?

2        MS. GORBEA-PADRÓ: Nothing further from the
3    government, Your Honor.

4        MS. SODERLUND: May I have one second.

5        THE COURT: Yes.

6        MS. SODERLUND: I was just consulting with
7    my client as to any preference for designation. What
8    he humbly believes is that he will be designated as
9    God wills.

10       THE COURT: Okay, thank you. You're
11   excused.

12            (Sentencing hearing concluded at 10:08 a.m.)

13                           ---

1  UNITED STATES DISTRICT COURT    )
2                OF                )ss.
3     PUERTO RICO                  )

7                        CERTIFICATE

10     I, EVILYS E. CARRIÓN-ESQUILÍN, hereby
certify that the proceedings and evidence are
contained fully and accurately, to the best of my
ability, in the notes recorded stenographically by
me, at the sentencing hearing in the above matter;
and that the foregoing is a true and accurate
transcript of the same.

                        /s/ Evilys E. Carrión-Esquilín

                        EVILYS E. CARRIÓN-ESQUILÍN, RPR
                        Official Court Reporter
                        United States District Court
                        Federal Building, Room 200
                        San Juan, Puerto Rico 00918
                        787-772-3377